DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| In re:<br><br>KYLE KWONG<br><br>ERDAN LIU<br><br><br>Debtor(s) | Chapter 13<br>Case No.  25-51652 SLJ<br><br>FIRST AMENDED TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE<br><br>Continued 341 Meeting: Date: JANUARY 5, 2026 @ 10:30 AM<br>Initial Confirmation Date:  JANUARY 6, 2026<br>Initial Confirmation Time: 9:55 AM<br>Place: Telephonic Or Video Only<br>Judge: Stephen L. Johnson |

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of the Debtors' Plan for the following reasons:

1. The Debtors have not complied with Fed.R.Bankr.P. § 2002 or 11 U.S.C. § 1325(a)(1). Lianyun Mu is listed on Schedule E/F with an incomplete mailing address. Said creditor has not received proper notice of the filing of the Chapter 13.

2. The Trustee cannot recommend confirmation of the plan because the Application for Compensation has not been filed.

3. The Trustee cannot recommend confirmation of the plan because the Rights and Responsibilities has not been filed.

4. The Trustee is unable to accurately determine the term of the Debtors' plan, nor is the Trustee able to determine whether the plan complies with 11 U.S.C. Section 1325(a)(6). The Debtors have failed to file an Attorney Disclosure Statement Pursuant to Rule 2016 (B).

5. The Trustee is unable to determine whether all of the Debtor's projected disposable income is being applied to pay unsecured creditors under the plan as required by 11 U.S.C. § 1325(b)(1)(B) as they failed to fill out Form 122C-1. The Trustee requests the Debtors file an amended Form 122C-1.

6. The Trustee is unable to determine whether the plan meets the liquidation test in 11 U.S.C. § 1325 (a)(4) and requests that the Debtors provide her with a copy of whatever evidence the Debtors used to determine the value of real property located at 134 Beatrice Street, Mountain View, California listed on Schedule A/B.

7. The Debtors have failed to provide the Trustee with copies of pay advices or other evidence of payment received within sixty (60) days before the date of the filing of the petition in contravention of 11 U.S.C. § 521(a)(1)(B)(iv). If the Debtors cannot provide copies of the payment advices, a declaration signed by the Debtors under penalty of perjury must be provided pursuant to the Order Re: Filing of Payment Advices in effect for the San Jose Division of the United States Bankruptcy Court for the Northern District of California. Pursuant to the order, the declaration must set forth the reason that the pay advices are unavailable and should state the Debtors' estimate of payments received and provide other evidence, if any, of the payments received.

8. The Debtors have not complied with 11 U.S.C. § 521(e)(2)(A)(i) and (B) as the Debtors have not provided the Trustee with a copy of their 2024 federal and state income tax return and W-2's.

9. The Debtors failed to provide copies of income tax returns prior to the 11 U.S.C. §341 meeting of creditors. See separate objection point. So that the Trustee can verify that the copies that the Debtors will provide are true and correct copies of the returns that were provided to the taxing agencies, the Trustee requests that the returns provided to the Trustee be attached to a declaration signed by the Debtors stating under penalty of perjury that the returns being provided are true and correct copies of the returns that the Debtors submitted to the taxing authorities.

10. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) and/or the feasibility test in 11 U.S.C. §1325(a)(6) is met, the Trustee requests that the Debtors provide her with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of the Debtors' ending while the case is pending confirmation. The tax returns shall be provided to her along with a declaration signed by the Debtor stating under penalty of perjury that the returns being provided and true and correct copies of the returns that the Debtors submitted to the taxing authorities.

11. The First Amended Plan is not feasible pursuant to 11 U.S.C. §1325(a)(6) because the Debtors are proposing to pay an estimated total of $120,000.00 and this is not enough money to pay all scheduled and/or filed secured, priority, administrative, and unsecured claims plus trustee's fees. As of the date of this objection and based on the Trustee's review of scheduled and filed claims, the Debtors would need to pay $387,963.68. **This**

**amount can change *daily* because it is derived from many variables including the amounts stated on filed claims, changing treatment of claims in amended plans, objections to claims, additional attorney's fees and changing trustee's fees. The actual amount of money needed to complete the plan cannot be determined until after the plan is confirmed and all claims are filed and allowed. The Trustee is providing the above number to assist the Debtors in understanding why the plan is not feasible at this time. The number does not represent an actual payoff for the case and cannot be relied upon for any purpose other than to demonstrate lack of feasibility.**

12. The Debtors are not in compliance with Fed. R. Bankr. P 2002(b) because the Debtors failed to serve all creditors a copy of the First Amended Chapter 13 Plan.

13. The Trustee is unable to determine if the Plan is incompliance with the liquidation test 11 U.S.C. § 1325(a)(4). The Debtors have listed a 2015 Toyota Sienna Van on Schedule A/B with a current value of $16,646.00. The Debtors must provide the Trustee with written documentation to support the value of $16,646.00. The written documentation must include a detailed description of the subject vehicle (i.e. year, make, model, approximate mileage, condition,) and must include copies of the documentation used to determine the value.

14. The Trustee is unable to determine if the Plan is in compliance with the liquidation test 11 U.S.C. § 1325(a)(4). The Debtors have listed a 2021 Toyota Sienna Van on Schedule A/B with a current value of $32,076.00. The Debtors must provide the Trustee with written documentation to support the value of $32,076.00. The written documentation must include a detailed description of the subject vehicle (i.e. year, make, model, approximate

mileage, condition,) and must include copies of the documentation used to determine the value.

15. The Trustee is unable to determine if the Plan is in compliance with the liquidation test 11 U.S.C. § 1325(a)(4). The Debtors have listed a 2013 Chevrolet Express 3500 on Schedule A/B with a current value of $3,500.00. The Debtors must provide the Trustee with written documentation to support the value of $3,500.00. The written documentation must include a detailed description of the subject vehicle (i.e. year, make, model, approximate mileage, condition,) and must include copies of the documentation used to determine the value.

16. The Trustee is unable to determine if the Plan is in compliance with the liquidation test 11 U.S.C. § 1325(a)(4). The Debtors have listed a 2018 Utility trailer on Schedule A/B with a current value of $1,500.00. The Debtors must provide the Trustee with written documentation to support the value of $1,500.00. The written documentation must include a detailed description of the subject vehicle (i.e. year, make, model, approximate mileage, condition,) and must include copies of the documentation used to determine the value.

17. The Trustee is unable to determine if the Plan is in compliance with the liquidation test 11 U.S.C. § 1325(a)(4). The Debtors have listed a 2021 Toyota Sienna Van on Schedule A/B with a current value of $500.00. The Debtors must provide the Trustee with written documentation to support the value of $500.00. The written documentation must include a detailed description of the subject vehicle (i.e. year, make, model, approximate mileage, condition,) and must include copies of the documentation used to determine the value.

18. The Trustee is unable to determine if the Plan is in compliance with the liquidation test 11 U.S.C. § 1325(a)(4). The Debtors have listed a 2021 Jayco Redhawk RV on Schedule A/B with a current value of $65,000.00. The Debtors must provide the Trustee with written

documentation to support the value of $65,00.00. The written documentation must include a detailed description of the subject motorhome (i.e. year, make, model, approximate mileage, condition,) and must include copies of the documentation used to determine the value.

19. The Trustee questions the feasibility of the Debtors' Plan pursuant to 11 U.S.C. § 1325(a)(6) as there is a deficit in the Debtors' budget of $13,254.00 per month, after they make their plan payment of $2,000.00.

20. The Debtors have failed to comply with 11 U.S.C. § 521 (a)(1)(B)(iii). The Statement of Financial Affairs, #27 is incomplete as it fails to state the dates business existed for Els Investment, Inc. The Trustee requests the Debtors file an amended Statement of Financial Affairs to list the omitted information.

21. The Debtors have failed to comply with 11 U.S.C. § 521 (a)(1)(B)(iii). The Statement of Financial Affairs, #27 fails to list the Debtors business information for Firetech Protection, Inc. The Trustee requests the Debtors file an amended Statement of Financial Affairs to list the omitted information.

22. The Trustee is unable to determine whether the liquidation test in 1325(a)(4) is met as Amended Schedule A/B, #31 is incomplete. The Trustee requests the Debtors amend Schedule A/B to provide omitted information.

23. The Trustee is unable to determine if 11 U.S.C. § 1325(a)(4) is met until the Debtors have resolved the Trustee's Objection to Claim of Exemptions.

Dated: December 4, 2025  /S/ Devin Derham-Burk
                         _____
                         Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL

I hereby declare that I am over the age of 18 years, not a party to the within cause; my business address is 105 Cooper Court, Los Gatos, CA 95032. I served the within Objection to Confirmation, by placing same in an envelope in the U.S. Mail at Los Gatos, California on December 4, 2025. Said envelopes were addressed as follows:

| | |
|---|---|
| KYLE KWONG<br>ERDAN LIU<br>7576 PEACH BLOSSOM DR<br>CUPERTINO, CA 95014 | FARSAD LAW OFFICES PC<br>1625 THE ALAMEDA #525<br>SAN JOSE, CA 95126 |

/S/   Clotilde Costa
Office of Devin Derham-Burk, Trustee